30 F.3d 130
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Robert J. SCHAD, as Next Friend and Father of Jose Schad,
Plaintiff-Appellant,
v.
John S. GRINALDS, Individually and as Headmaster of
Woodberry Forest School, Defendant-Appellee.
 No. 93-2144.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 17, 1994.
Decided July 14, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Henry C. Morgan, Jr., District Judge. (CA-93-804)
 Robert J. Schad, appellant pro se.
 Virginius Randolph Schackelford, III, Schackelford & Honenberger, Orange, VA, for appellee.
 E.D.Va.
 VACATED AND REMANDED.
 Before MURNAGHAN, WILKINS, and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Robert J. Schad filed a complaint on behalf of his minor son, Jose Schad Hernandez, alleging that Jose, a seventeen-year old Mexican citizen, was illegally and forcibly expelled from Woodberry Forest School in Woodberry Forest, Virginia. Schad contends that the Defendants breached an enrollment contract between Jose and the school. The complaint sought Jose's reinstatement at the school, restoration of Jose's full scholarship, and compensatory, punitive, consequential, special and future damages totalling seven million dollars. Finding that Schad lacked standing to bring this suit, the district court dismissed the action as frivolous pursuant to 28 U.S.C.A. Sec. 1915(d) (West 1994). We vacate the district court's order and remand for further proceedings.
 
 
 2
 The district court based the dismissal on its finding that Schad failed to satisfy the requirements of third party standing as announced in Powers v. Ohio, 499 U.S. 400, 411 (1991). However, Powers involved the issue whether a criminal defendant possesses third party standing to raise the equal protection rights of a juror excluded from jury service based upon his race. Thus, Powers is inapposite here, where Schad was merely suing as next friend of his minor son. See Womble v. Gunter, 95 S.E.2d 213 (Va.1956) (practice in Virginia is for suits brought for an infant to be instituted in the name of the infant by one of the parents or other near relative without formal appointment); Va.Code Ann. Sec. 8.01-8 (Michie 1993) (any minor entitled to sue may do so by his next friend).
 
 
 3
 Because we find that adequate standing has been demonstrated on the record before us, we vacate the district court's order and remand the case for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 4
 VACATED AND REMANDED.